UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEVIE ALONZO BROWN,

    Petitioner,

v.                                            CASE NO: 5:09-cv-303-Oc-30TBM

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #7). The Court has considered the petition, Respondents' response (Dkt. #16), and Petitioner's reply (Dkt. #18). Upon review, the Court determines that three grounds of this petition must be dismissed because they are procedurally barred, and two grounds must be denied because they are without merit.

## BACKGROUND

Petitioner, Stevie Alonzo Brown ("Brown" or "Petitioner"), was tried by a jury and found guilty of uttering a forged instrument and grand theft in violation of Florida Statutes 831.02 and 812.014. Brown was sentenced to five years imprisonment.

Petitioner appealed, and on May 27, 2008, the Fifth District Court of Appeal affirmed the judgment and sentence. On June 16, 2008, the mandate was issued. Petitioner filed a

3.850 motion for post conviction relief on November 16, 2008, alleging ineffective assistance of counsel. The Fifth Judicial Circuit Court denied Petitioner's motion on January 26, 2009. On April 5, 2009, Petitioner filed an appeal with the Fifth District Court of Appeal, and on April 28, 2009, it was denied. Then, Petitioner filed a motion for rehearing on May 3, 2009, which was denied on May 27, 2009. A mandate was issued on June 15, 2009.

On July 28, 2009, Petitioner filed this Section 2254 petition. The Antiterrorism and Effective Death Penalty Act of 1996 requires that a federal habeas corpus petition be filed within one year from the date the conviction becomes final. 28 U.S.C. § 2244(d)(1). The one year limitations period is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. at d(2).

Petitioner's judgment and sentence became final ninety days after May 27, 2008, when the Fifth Circuit Court of Appeal affirmed the judgment and sentence. Thus, on April 25, 2008, the one year time period began, when Brown's time to seek certiorari review from the United States Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113 (2009). The one year time period ran until Petitioner filed a motion for post conviction relief on November 16, 2008, and then after June 15, 2009, when the mandate was issued on the appeal of the trial court's order denying relief. Due to the tolled time for properly filed state collateral petitions, Brown's Section 2254 petition was timely filed.

Petitioner asserts five grounds of ineffective assistance of counsel for failure to investigate, depose, impeach, or call five people as witnesses.

## **PROCEDURAL BAR**

Under 28 U.S.C. 2254(b) and (c), a petitioner is required to exhaust all available state court remedies for challenging a conviction before bringing a habeas corpus action in federal court.  "To properly exhaust a claim, 'state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'"  *Maples v. Allen*, 586 F.3d 879, 886 (11th Cir. 2009) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).  If a claim is not exhausted, it is procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).  There are two ways to overcome the procedural bar: "(1) an adequate cause for and actual prejudice arising from the default, or (2) that a miscarriage of justice, caused by a substantial denial of constitutional rights."  *Lynd v. Terry*, 470 F.3d 1308, 1313-14 (11th Cir. 2006).  Petitioner, however, does not assert cause, prejudice, or a miscarriage of justice.

**Grounds Three, Four, and Five:**       **Ineffective Assistance of Counsel for Failing to Investigate, Interview, or Depose Melinda Williams, Mark Proco, and Alex Lopez**

Here, Petitioner claims in grounds three, four, and five that counsel was ineffective for failing to investigate or impeach potential witnesses Melinda Williams, Mark Proco, and Alex Lopez.  However, Petitioner failed to raise these grounds in the state post-conviction process.  Thus, Brown is procedurally barred from raising these grounds in this Section 2254 petition, and these claims are dismissed.  Though these claims are procedurally barred, they would have failed on the merits for the same reasons grounds one and two fail to establish ineffective assistance of counsel, which are discussed below.

## **INEFFECTIVE ASSISTANCE OF COUNSEL**

Under 28 U.S.C. § 2254(d), Petitioner must establish that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Petitioner alleges a denial of the constitutional Sixth Amendment right to counsel.

The standard to determine whether the right to effective assistance of counsel has been violated is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Counsel is presumed competent to assist a defendant, and the petitioner has the burden to demonstrate the denial of the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984). To vacate a conviction, the petitioner must show "by a preponderance of competent evidence," *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000), that (1) counsel's performance fell below an objective standard of reasonable professional assistance and that (2) the defendant was prejudiced by the deficient performance. *Strickland*, 466 U.S. 668 at 687, 694. To satisfy the prejudice prong under *Strickland*, the accused must establish that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

**Grounds One and Two:**     **Ineffective Assistance of Counsel for Failing to Investigate, Interview, or Depose Ms. Lopez and Chalandra Green**

The first prong of the *Strickland* test is not met here. Petitioner fails to prove that counsel's performance fell below an objective standard of performance by failing to interview or investigate Lopez and Green. Petitioner's counsel advocated on behalf of Brown to extend the time period to conduct further investigations of potential witnesses. On June 27, 2007, Brown's counsel filed a motion to continue, as he had only received the names and locations of potential witnesses the week before from Petitioner. However, the trial court denied the motion. During the trial, Petitioner's counsel moved for a continuance again and was denied. The fact that Petitioner's counsel did not receive an opportunity to interview or depose potential witnesses was not due to counsel's actions. Thus, Petitioner's counsel's performance was not deficient.

Because Petitioner fails to meet the first prong of the *Strickland* test, which is required in order for an ineffective assistance of counsel claim to succeed, there is no reason to address the prejudice prong. Brown's claims fail on the merits.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's amended petition for writ of habeas corpus (Dkt. #7) is DENIED.
2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN *FORMA PAUPERIS* DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on June 21, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2009\09-cv-303.Ocala deny 2254.frm